ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TODD R. FORBES | ) | NO: 07-778 C |
| VERSUS | ) | |
| THE UNITED STATES OF AMERICA | ) | COMPLAINT |

FILED
NOV 7 2007
U.S. COURT OF FEDERAL CLAIMS

## COMPLAINT

Now comes before this honorable court plaintiff Todd R, Forbes, a United States citizen currently domiciled in Leavenworth, Kansas, who by these presents respectfully avers:

I.

Made defendant herein is the United States of America.

II.

Jurisdiction is invoked and sovereign immunity is waived in this matter pursuant to the Tucker Act 28 U.S.C. § 1491 and the Military Pay Act, 37 U.S.C. § 204. The matter is brought pursuant to 28 U .S.C. § 1491(a) for moneys due under the Constitution of the United States, an Act of Congress and/or the regulation of an executive department or in the alternative upon a express or implied contract with the United States.

III.

Plaintiff enlisted in the United States Naval Reserve on 13 July, 1979 in the delayed entry program.

IV.

On 28 June 1980, plaintiff was ordered to active duty in the United States Navy. He

remained on continuous active duty until his transfer to the Fleet Reserve, pursuant to 10 U.S.C. § 6330 on 31 July of 2006.

V.

Plaintiff's final enlistment contract was executed on 16 June 1995.

VI.

On the morning of February 21, 1997, the accused was informed that someone had made an allegation of sexual misconduct against him and that he was being detached from his current duty assignment at Navy Recruiting Station Somerset Kentucky.

VII.

Plaintiff was taken into custody pursuant to Article 7 of the U.C.M.J. (10 U.S.C. § 807), and transported to NSA Memphis TN (Now NSA Mid-South).

VIII.

On October 29, 1997, plaintiff was ordered, without notice, to Transient Personnel Unit, NAS Jacksonville, Florida.

IX.

On December 1997 charges were preferred again the plaintiff. They included three specifications of rape and numerous specifications of indecent assault, indecent language, adultery and various orders violations.

X.

An Article 32 investigation, conducted pursuant to 10 U.S.C. § 832 found reasonable grounds to refer the charges against the plaintiff.

XI.

At a General-Court-martial held in Fort Knox Kentucky 17-23 August 1998, plaintiff was acquitted of two rapes. He was convicted of a third rape, however, along with specifications of sodomy, indecent assault, indecent language and various orders violations.

XII.

Plaintiff was sentenced to fifteen years confinement, forfeiture of all pay and allowance, and reduction to pay-grade E-1. He was confined in the United States Disciplinary Barracks in Fort Leavenworth, Kansas.

XIII.

The convening authority approved the conviction and the sentence and ordered it executed except for the dishonorable discharge.

XIV.

The dishonorable discharge was never ordered to be executed.

XV.

On June 15, 2000, plaintiff's enlistment contract was involuntarily extended until December 15, 2004.

XVI.

On May 11, 2004, the Navy-Marine Corps Court of Criminal Appeals in a published decision, set aside the conviction and sentence in plaintiff's case. *United States v. Forbes,* 59 M.J. 934 (Nav. Mar. Ct. Crm. App. 2004). The United States appealed the decision to the Court of Appeals for the Armed Forces. Forbes remained in confinement pending the outcome of the government appeal.

XVII.

The government certified their appeal on June 10, 2004 to the Court of Appeals for the Armed Forces.

XVIII.

On June 21, 2004, the Judge Advocate General of the Navy issued a mandate for a hearing pursuant to Rule for Courts Martial 305 to determine whether or not plaintiff should be released from custody.

XIX.

The R.C.M. 305 hearing was held on July 16, 2004 and the Initial Review Officer (I.R.O.) refused to release plaintiff from confinement.

XX.

On August 25, 2005, the Court of Appeals for the Armed Forces affirmed the Navy-Marine Corps Court of Criminal Appeals in a published decision. *United States v. Forbes*, 61 M.J.354 (C.A.A.F. 2005). The judgment and mandate was issued on September 15, 2005.

XXI.

On September 20, 2005 plaintiff was released from confinement. He was transferred from Fort Leavenworth Kansas to Naval Air Station Jacksonville FL with no delay.

XXII.

On September 29, 2005 he was involuntarily placed on legal hold.

XXIII.

Plaintiff was reinstated to his paygrade of E-6 and his pay was restarted effective September 20, 2005.

XXIV.

A general court-martial was held to try the accused on 18-27 April 2006 at the United States Courthouse in London, Kentucky.

XXV.

The accused was acquitted of rape, indecent assault, indecent language, purchasing alcohol for minors, obstruction of justice, adultery and nine orders violations. He was convicted of three orders violations and sentenced to be reprimanded. There was no forfeiture of pay or allowances or confinement ordered.

XXVI.

At trial, plaintiff introduced evidence from the ex-husband of the primary complaining witness, that she had lied about the alleged rape incident. She admitted to her then husband that she framed the accused, apparently for the purpose of providing a basis for a $2.5 million dollar Federal Tort Claims Act suit against the United States which was filed but later dismissed. Other evidence directly refuted the indecent assault charges brought by the other complaining witnesses as well as the other charges. Evidence of the untruthfulness of the other government witnesses resulted in the rejection by the court-martial of virtually the entire government case.

XXVII.

In an unprecedented action after the court-martial the members called plaintiff and his wife, who had remained with him throughout his imprisonment, praised both of them and wished them both well.

XXVIII.

Immediately after the trial, Petty Officer Forbes requested transfer to the Fleet Reserve.

XXIX.

Plaintiff was transferred to the Fleet Reserve on 31 July 2006 with a total of 26 years and 33 days of continuous military service.

XXX.

Plaintiff did not receive a discharge certificate or certificate from release from active duty until 31 July 2006.

XXXI.

Plaintiff has not been paid his military pay and allowances from the period 16 June 2000 through September 19, 2005.

XXXII.

Despite amicable demand, the United States continues to refuse to pay plaintiff his military pay and allowances from the period 16 June 2000 through 19 September 2005.

XXXIII.

The actions of the United States in refusing to pay plaintiff his military pay and allowances from the period 16 June 2000 through 19 September 2005 are arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

XXXIV.

The Military Pay Act at provides that members of the armed services on active duty are entitled to the basic pay of the pay grade to which assigned or distributed, in accordance with their years of service computed.

XXXV.

The Military Pay Act at 37 U.S.C. § 403 provides that members of the armed services on

active duty are entitled to the basic allowance for housing of the pay grade to which assigned.

XXXVI.

Paragraph 480902 Volume 7A Chapter 48 of the DOD Financial Management Reg, DOD 7000.14R change dated May 2005 provides in pertinent part:

When an unexecuted court-martial sentence which includes a forfeiture is set aside or disapproved and a rehearing is ordered, the member is entitled to full pay and allowances (subject to other proper deductions) for the period from the convening authority's action on the original sentence until the convening authority's action on the subsequent sentence. Entitlement to pay and allowances thereafter depends on the terms of the new sentence.

XXXVII.

Paragraph 4810 of Volume 7A Chapter 48 of the DOD Financial Management Reg, DOD 7000.14R change dated May 2005 provides in pertinent part:

> A member is entitled to reimbursement for pay withheld under an illegal sentence of a court martial.

XXXVIII.

The sentence of the original court-martial was found to be illegal by the Navy and Marine Corps Court of Criminal Appeals and their action to set it aside was affirmed by the Court of Appeals for the Armed Forces.

XXXIX.

The sentence of the original court-martial was void *ab initio* from the time the conviction and sentence were set aside by the Navy and Marine Corps Court of Criminal Appeals.

XL.

The sentence of the court-martial re-hearing was a mere reprimand and did not include any forfeiture or confinement.

XLI.

The automatic forfeiture provisions of 10 U.S.C. § 858b do not apply.

XLII.

10 U.S.C. § 875(a) provides:

> Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved, except an executed dismissal or discharge, shall be restored unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing.

XLIII.

The Thirteenth Amendment to the Constitution of the United States provides as follows:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

XLIV.

Defendant United States improperly deprived plaintiff of monetary benefits including pay, allowances and retired pay by failing to follow its Constitution and laws.

XLV.

Plaintiff enjoyed a property interest in accrued pay

XLVI.

Plaintiff enjoyed a liberty interest in not being forced to work in confinement without the military pay commensurate with his rank.

XLVII.

Defendant United States deprived plaintiff of monetary benefits including pay and allowances in violation of the due process clause requirement of the Fifth Amendment to the

United States Constitution.

WHEREFORE PLAINTIFF PRAYS that this court:

1) Award plaintiff his basic pay for the period 16 June 2000 through September 19, 2005 pursuant to 37 U.S.C. § 204.

2) Award plaintiff his allowances for the period 16 June 2000 through September 19, 2005 pursuant to 37 U.S.C. § 403.

3) Any other action which the court deems to be just and equitable.

4) Costs of this action.

5) Attorney's fees pursuant to the Equal Access to Justice Act.

Respectfully Submitted,

John B. Wells
Attorney for the Plaintiff
LA Bar #23970
Post Office Box 5235
Slidell, LA 70469-5235 (mail)
769 Robert Blvd, Suite 201D
Slidell, LA 70458
985-641-1855
985-649-1536 (fax)